IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTY JAMES HEATH,** | ) |
| **PLAINTIFF,** | ) |
| VS. | )   **2:14-cv-610-JHH** |
| **ESTATE OF BRYAN WAYNE, HEATH, et al.** | ) |
| | ) |
| **DEFENDANT.** | ) |

**MEMORANDUM OPINION AND ORDER**

The court has before it the Special Appearances and Motions to Dismiss for Lack of Personal Jurisdiction filed by Linda Heath (Doc. #10) and Zachary Heath (Doc. #12) on April 15, 2014 and April 21, 2014, respectively, as well as the Motion (Doc. #20) to Strike Affidavit filed by Linda and Zachary Heath on May 14, 2014. Pursuant to the orders (Docs. #11, 13, 22) of the court, the Motions (Docs. #10, 12, 20) have now been fully briefed and are properly before the court for review.

**I.     Background and Relevant Facts**

On April 2, 2014, this case was removed to this court by Defendant Principal Life Insurance Company ("Principal Life"). (*See* Doc. #1). The state court complaint, filed on February 18, 2014 alleges: breach of contract (Count One); civil contempt (Count Two); breach of fiduciary duty and conspiracy (Count Three); unjust

1

enrichment against defendants Linda Heath and Zachary Heath (Count Four); tortuous interference with contract (Count Five); breach of professional responsibility by defendants Wayne Heath and Heath Financial Services (Count Six); civil conspiracy (Count Seven); outrageous conduct (Count Eight); claims against Principal Life Insurance Company (Count Nine); and equitable relief (Count Ten). (*See* Doc. #1, Exh. A). Of those claims, three are directed against defendants Linda and Zachary Heath: Count Four for unjust enrichment, Count Five for tortuous interference, and Count Seven for civil conspiracy.

The claims center on the pursuit of the proceeds of an insurance policy. Plaintiff Christy James Heath married Bryan Wayne Heath on November 2, 2001. Two children were born into the marriage – James Matthew Heath on December 17, 2003 and Ellen Tyler Heath on June 23, 2005. (*See* Doc. #1, Exh. A at ¶ 4). Prior to the birth of their first child, the Plaintiff and Bryan Heath each took out life inusrance policies through defendants Wayne Heath and Heath Financial, Inc. on their respective lives in the amount of $2 million dollars, and named each other as beneficiaires thereof. (*See id.* at ¶¶ 5, 6).

Plaintiff instituted divorce proceedings against Bryan Heath in the Circuit Court of Jefferson County, Alabama, Domestic Relations Division in 2011. On or about November 29, 2011, the parties entered into an Agreement in the divorce action and on December 15, 2011 the court entered an Order adopting the parties'

Agreement. (*See id.* at ¶ 8). The Agreement and Order created an equitable and/or constructive trust over the life insurance proceeds in favor of the survivor of the parties to the divorce action: "Both parties shall maintain the life insurance on his or her life, Pendente Lite, and shall make no changes of beneficiaries during the pendency of this matter." (*Id.* at ¶ 9). Plaintiff alleges that while the Pendente Lite order was in effect, defendant Bryan Heath changed the beneficiaries of the $2 million insurance policy on his life on two different occasions. (*See id.* at ¶ 10). At the time of the last beneficiary change, the benficiaries were named as: James Matthew Heath and Ellen Tyler Heath as twenty-five percent (25%) beneficiaries and Zachary Heath and Linda Heath as twenty-five percent (25%) beneficiaries, respectively. (*See id.*). As such, Plaintiff alleges that defendants Zachary and Linda Heath received insurance benefits to which they were not entitled in the amount of $500,000 each. (*See id.* at ¶ 12).

## II.    Standard of Review

A Rule 12(b)(2) motion tests the court's exercise of personal jurisdiction over a defendant. *See* FED. R. CIV. P. 12(b)(2).  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir.2009); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir.1999) ("A plaintiff seeking to obtain

3

jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction."). If the plaintiff satisfies her initial burden and the defendant then challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir.2002); *see also Posner*, 178 F.3d at 1214 ("The plaintiff bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'" (citation omitted)). When the issue of personal jurisdiction is decided on the evidence, but without a discretionary hearing, a plaintiff demonstrates a "prima facie case of personal jurisdiction" by submitting evidence sufficient to defeat a motion made pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir.2006). At this evidentiary juncture, the court construes the complaint's allegations as true if they are uncontroverted by affidavits or deposition testimony, *id.* at 1317, and where there are conflicts, the court "construe[s] all reasonable inferences in favor of the plaintiff." *Whitney Info. Network, Inc. v. Xcentric Ventures, LLC*, 199 Fed. Appx. 738, 741 (11th Cir.2006) (quoting *Meier*, 288 F.3d at 1269).

### III.  Analysis of the Motions to Dismiss on Personal Jurisdiction Grounds

The determination of personal jurisdiction over a nonresident defendant

requires a two-part analysis. *See Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir.1990); *see also Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989). First, the jurisdictional question under the state long-arm statute is considered. *See Cable/Home Communication Corp.*, 902 F.2d at 855; *see also Alexander Proudfoot Co.*, 877 F.2d at 919. If there is a basis for the assertion of personal jurisdiction under the state statute, that is, minimum contacts with the forum, the next determination to be made is whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Cable/Home Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co.*, 877 F.2d at 919. The nature and quality of the contacts may vary depending on whether the type of jurisdiction being asserted is specific or general. *See Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.

  The reach of the Alabama long-arm statute is a matter of Alabama law. Federal courts are required to construe it as would the Alabama Supreme Court. *See Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890-891

(11th Cir. 1983). Alabama's long-arm statute permits personal jurisdiction to the extent it "is not inconsistent with the constitution of this state or the Constitution of the United States." ALA. R. CIV. P. 4.2(b). Thus, the question here is whether assertion of personal jurisdiction over the individual defendants comports with the Fourteenth Amendment's Due Process Clause. *See Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827 (11th Cir. 1992) (citing *Alabama Waterproofing Co., Inc. v. Hanby*, 431 So.2d 141, 145 (Ala. 1983)). Compliance with the Fourteenth Amendment's Due Process Clause exists where the defendant has minimum contacts with the forum state, and where the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Olivier*, 979 F.2d at 830-831; *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990) (quoting *International Shoe*, 326 U.S. at 316).

There are two types of personal jurisdiction: specific and general. Specific jurisdiction is based on a party's contacts with the forum state that arise out of or are related to the cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *see also Consolidated Dev.*, 216 F.3d at 1291. General contacts consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both "continuous and systematic." *Helicopteros Nacionales de Colombia*, 466 U.S. at 415. Plaintiff alleges that this court has both specific and general personal jurisdiction over Linda and Zachary Heath. (*See* Doc.

#17 at 1) ("First, based on Plaintiff's allegations of both defendants' purposeful conspiratorial activity aimed at Plaintiff, who is an Alabama resident, personal jurisdiction has been established. Furthermore, there is sufficient evidence of the Defendants' general contacts in the state of Alabama . . ."). Each jurisdictional allegation will be considered in turn.

### A.   General *In Personam* Jurisdiction

Plaintiff alleges that "there is sufficient evidence of the Defendants' contacts with the State of Alabama" such that personal jurisdiction can be established. (Doc. #17 at 1). The general contacts alleged for each individual defendant will be considered in turn.

#### 1.   Zachary Heath

Plaintiff Christy Heath, by way of affidavit, makes the following assertions about Zachary Heath's general contacts with Alabama: he gave Bryan Heath $10,000 as an investment in Riverwoods, LLC, an Alabama business (that owns property in Liberty Park, Vestavia Hills, Alabama); he has received medical treatment in Alabama; he has belonged to various hunting clubs in Alabama; and he retained an attorney in Alabama regarding his appointment as personal representative for Bryan Heath's estate in Jefferson County Probate Court. (*See* Doc. #17 at 5).

The affidavit is the subject of a Motion (Doc. #20) to Strike. The jurisdictional allegations made by Plaintiff which are related to Zachary Heath include some which

are due to be stricken based on Plaintiff's lack of personal knowledge. In Paragraph 13 of her affidavit, Plaintiff states her "belief" that Zachary received medical treatment in Alabama[1] and her "knowledge" that Zachary belonged to hunting clubs in Alabama, yet she states no basis for this knowledge or belief. (*See* Doc. #17-1 at ¶ 13). These conclusions are made without any asserted basis in fact. *See* FED. R. CIV. P. 56(c)(e) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *see also Ex parte Head*, 572 So.2d 1276 (Ala. 1990) (an affidavit must be made on personal knowledge and set forth such facts as would be admissible in evidence). Therefore, they are due to be stricken from the record.

However, even were the court to consider all of the general contacts alleged to support personal jurisdiction as set forth in the affidavit of Christy Heath, they would still be insufficient to satisfy the Plaintiff's burden.[2] General personal jurisdiction requires the defendant's "continuous and systematic" contacts with the State of Alabama. *Helicopteros Nacionales de Colombia*, 466 U.S. at 415. A one time gift of money to a resident brother and retaining an attorney for a resident brother's estate

---

[1] Plaintiff concedes that this sentence of the affidavit is due to be stricken. (Doc. #23 at 4) ("However, only this sentence should be stricken – not the entire paragraph.").

[2] Because Zachary and Linda Heath would not be subject to personal jurisdiction in this court even when the affidavit of Christy Heath is considered in full, the Motion (Doc. #20) to Strike is **MOOT**.

can certainly not be considered "continuous and systematic." The mere fact that Zachary belonged to hunting clubs in the State is also insufficient to support jurisdiction – there is no allegation as to how often Zachary hunted in the State of Alabama and no information whatsoever as to whether Zachary actually utilized such memberships.

The court has no information that would support a finding that Zachary was rendered "essentially at home" in Alabama or that he could have reasonably anticipated that he might be sued in Alabama for matters unrelated to his (albeit limited) general contacts. *See Daimler AG v. Bauman*, – U.S. –, 134 S. Ct. 746, 754 (2014); *International Shoe*, 326 U.S. at 316. To the contrary, the information before this court is overwhelmingly that Zachary has had limited contacts with Alabama.[3] As such, this court lacks general personal jurisdiction over defendant Zachary Heath.

    **2.**    **Linda Heath**

Plaintiff makes the following assertions about Linda Heath's general contacts with Alabama: she spent approximately one weekend per month in Birmingham from December 2001 until April 2011 to visit her grandchildren; she has spent a week at a time in Alabama "on many occasions;" she spent at least five days visitng every

---

[3] Zachary Heath has submitted an affidavit contesting the assertion of jurisdiction over himself in Alabama. (*See* Doc. #12, Affidavit of Zachary Heath). He avers that: he has never lived in Alabama; he does not have any interest in, or any property in, Alabama; he has never been employed in Alabama or done business in Alabama; he has never contracted to buy, sell, or provide services in Alabama; and he has never caused tortuous injury in Alabama.

Thanksgiving and Christmas; she planned and attended Plaintiff's wedding in Birmingham (including contracting for venue and florist and sending out invitations); she attended ALANON meetings in Birmingham and numerous church services; she was present at the final divorce proceeding; she arranged a scholarship fund for Bryan Heath with the Homewood Parks and Recreation Board; and she donated elementary school library books to the Homewood school system in Bryan's memory. (*See* Doc. #17 at 16-18).

Once again, certain of these allegations set forth in Plaintiff's affidavit are subject to the Motion (Doc. #20) to Strike for lacking an underlying factual basis for support. (*See* Doc. #20 at 2) (regarding paragraphs 17, 18). And once again, even considering all of the allegations as set forth in the Affidavit (*see* footnote 2, *supra*), Linda Heath's contacts with the State of Alabama cannot be considered so "continuous and systematic" as to render Linda "essentially at home in" Alabama. *See Daimler AG v. Bauman*, – U.S. –, 134 S. Ct. 746, 754 (2014); *International Shoe*, 326 U.S. at 316. To the contrary, the information before this court is overwhelmingly that Linda has had limited contacts with Alabama.[4] That Linda has visited her grandchildren in the State and helped plan a wedding in 2001 cannot, standing alone,

---

[4] Linda Heath has submitted an affidavit contesting the assertion of jurisdiction over herself in Alabama. (*See* Doc. #10, Affidavit of Linda Heath). She avers that: she has never lived in Alabama; she does not have any interest in, or any property in, Alabama; she has never been employed in Alabama or done business in Alabama; she has never contracted to buy, sell, or provide services in Alabama; and she has never caused tortuous injury in Alabama.

render it "fair play" and "substantial justice" to subject her to the personal jurisdiction of this court. *See International Shoe*, 326 U.S. at 316. This court lacks general personal jurisdiction over Linda Heath.

### B. Specific *In Personam* Jurisdiction

The exercise of specific jurisdiction is proper over a nonresident defendant when he has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 473, 475 (1985) (internal citations omitted); *Consolidated Dev.*, 216 F.3d at 1291 ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action in the complaint. It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'") (internal citations omitted). The requirement that there be minimum contacts is grounded in fairness. It assures that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

To show that a litigation "arises out of" the activities in the forum state, the Eleventh Circuit does not use "mechanical or quantitative" tests, *see Oldfield v.*

11

*Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009); however, it is "not enough that there be some similarity between the activities that connect the defendant to the forum and the plaintiff's claim." *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 n. 3 (11th Cir. 2008). The defendant's contacts with the forum must be related to the "operative facts of the controversy." *Id.* Questions of specific jurisdiction are examined in the context of the particular claims asserted – here, those claims are grounded in intentional tort. To properly determine jurisdiction, "a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783 (1984) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Plaintiff argues that Linda and Zachary Heath are subject to the jurisdiction of this court based on the allegations of conspiracy (Count Seven of the complaint)[5] aimed at a resident of Alabama. The conspiracy allegedly existed to breach a contract and to breach a fiduciary duty.[6] (*See* Doc. #17 at 9; *see also* Compl.). These

---

[5] Count Seven alleges:

> Defendants Linda Heath, Zachary Heath, Wayne Heath, Heath Financial, Inc., and Defendant Bryan Wayne Heath conspired with each other to violate the agreement referenced herein regarding life insurance in order to deprive the Plaintiff of the benefit of her bargain and to unjustly enrich themselves to Plaintiff's detriment.

[6] Count Three alleges that a breach of fiducairy duty was committed by Defendants Wayne Heath and Heath Financial, Inc. "taken in concert with the decedent and other Defendants, including but not limited to, Linda Heath and Zachary Heath, and Principal Life Inusrance Company, and that such actions constitute civil conspiracy. (Compl. ¶ 29).

claims are grounded in tort and require a showing of purpose, combination, and overt acts to succeed.  *See e.g. Snyder v. Faget*, 326 So.2d 113, 119 (Ala. 1976); *Lawler Mobile Homes, Inc. v. Tarver*, 492 So.2d 297, 306 (Ala. 1986).

Indeed where an alleged conspirator acts to further a plan that contemplates injury to a resident, personal jurisdiction may exist. *See Shrout v. Thorsen*, 470 So.2d 1222 (Ala. 1985).  But here, the Plaintiff has failed to allege that either Linda or Zachary acted for the purpose of causing harm to Plaintiff.  (*See* Compl., ¶¶ 37, 38). She has failed to refute the fact that Linda and Zachary had no knowledge of the underlying insurance during the time of the alleged wrongful act.  (Z. Heath Aff at ¶11; L. Heath Aff at ¶ 11).  And she has failed to establish that Linda and Zachary acted to breach the contract of husband and wife or to breach any fiduciary duty.  In fact, the only actual act in furtherance of a conspiracy that Plaintiff advances for subjecting either Linda or Zachary to the specific personal jurisdiction of this court is Zachary sending "Plaintiff an email telling her that her ex-husband's life insurance policy listed the children as beneficiaries, and concealing from her the existence of additional beneficiaries." (Doc. #17 at 14; *see also* Plaintiff Aff. at ¶ 7).  Other than that, the only concrete action of Linda and Zachary related to the action was to apply for the insurance proceeds – and this was done in their home state of North Carolina. (*See* L. Heath Aff at ¶ 12; Z. Heath Aff at ¶ 12).

This court lacks specific personal jurisdictionover Linda and Zachary Heath.

Neither defendant has purposefully directed any activity to the State of Alabama that gave rise to this cause of action. *See Consolidated Dev.*, 216 F.3d at 1291.

## IV. Conclusion

For the foregoing reasons, the Motions (Docs. #10, 12) to Dismiss of Defendants Linda Heath and Zachary Heath are due to be granted. A separate order will be entered dismissing all claims against Defendants Linda Heath and Zachary Heath.

**DONE** this the   30th   day of July, 2014.

*/s/ James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE