FILED
2014 Sep-24  AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTY JAMES HEATH,** | ) | |
| **PLAINTIFF,** | ) | |
| **VS.** | ) | **2:14-cv-610-JHH** |
| **ESTATE OF BRYAN WAYNE HEATH, et al.** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## MEMORANDUM OPINION

The court has before it the Motion (Doc. #30) to Remand filed on August 21, 2014 by Plaintiff Christy James Heath.  In accordance with the Order (Doc. #31) of August 22, 2014, the Motion (Doc. #30) has been fully briefed (Docs. #30, 32, 33) and is now under submission to the court for review.

## I.    Procedural History

On February 18, 2014, Plaintiff Christy James Heath filed a complaint in the Circuit Court of Jefferson County, Alabama alleging: breach of contract (Count One); civil contempt (Count Two); breach of fiduciary duty and conspiracy (Count Three);

1

unjust enrichment against defendants Linda Heath and Zachary Heath (Count Four);[1] tortious interference with contract (Count Five); breach of professional responsibility (Count Six); civil conspiracy (Count Seven); outrageous conduct (Count Eight); claims against Principal Life Insurance Company (Count Nine); and equitable relief (Count Ten). (*See* Doc. #1, Exh. A).  On April 2, 2014, this case was removed to this court by defendant Principal Life Insurance Company ("Principal Life") with the consent of all properly joined and served Defendants.  (*See* Doc. #1, ¶ 24).  In the removal, Principal Life asserts diversity of citizenship on the ground that Elizabeth McElroy, the Administrator of the Estate, was fraudulently joined to the action. (*See* Doc. #1 at 2-11).  Plaintiff Heath now asserts that the case should be remanded to the Circuit Court of Jefferson County because the Estate was not fraudulently joined to the action and the parties are non-diverse.  (*See* Doc. #30 at ¶¶ 6, 7, 8).

## II.    Factual Background

The claims center on the pursuit of the proceeds of an insurance policy. Plaintiff Christy James Heath married Bryan Wayne Heath on November 2, 2001. Two children were born into the marriage – James Matthew Heath on December 17, 2003 and Ellen Tyler Heath on June 23, 2005.  (*See* Doc. #1, Exh. A at ¶ 4).  Prior to

---

[1] On July 30, 2014, the court entered a Memorandum Opinion and Order (Doc. #25) and Order (Doc. #26) dismissing defendants Linda Heath and Zachary Heath from this case for lack of personal jurisdiction.  (*See* Doc. #26).

the birth of their first child, the Plaintiff and Bryan Heath each took out life insurance policies through defendants Wayne Heath and Heath Financial, Inc. on their respective lives in the amount of $2 million dollars, and named each other as beneficiaires thereof.   (*See id.* at ¶¶ 5, 6).

Plaintiff instituted divorce proceedings against Bryan Heath in the Circuit Court of Jefferson County, Alabama, Domestic Relations Division in 2011.  On or about November 29, 2011, the parties entered into an Agreement in the divorce action and on December 15, 2011 the court entered an Order adopting the parties' Agreement. (*See id.* at ¶ 8).  The Agreement and Order created an equitable and/or constructive trust over the life insurance proceeds in favor of the survivor of the parties to the divorce action: "Both parties shall maintain the life insurance on his or her life, Pendente Lite, and shall make no changes of beneficiaries during the pendency of this matter." (*Id.* at ¶ 9).  Plaintiff alleges that while the Pendente Lite order was in effect, defendant Bryan Heath changed the beneficiaries of the $2 million insurance policy on his life on two different occasions. (*See id.* at ¶ 10).  At the time of the last beneficiary change, the beneficiaries were named as: James Matthew Heath and Ellen Tyler Heath as twenty-five percent (25%) beneficiaries and Zachary Heath and Linda Heath as twenty-five percent (25%) beneficiaries, respectively. (*See id.*).

3

Plaintiff filed this lawsuit alleging that Bryan Wayne Heath violated the Pendente Lite order by changing those beneficiaries. (*See* Compl., ¶ 10). Plaintiff further alleges that Wayne Heath and Heath Financial, Inc. – acting as Principal Life's agents – colluded with Bryan Heath to violate the Pendente Lite order and deprive Plaintiff of the life insurance proceeds. (*See* Compl., ¶¶ 11, 13).

## III.   Legal Standards for Remand

Under 28 U.S.C. § 1441(a), "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999). That is, when a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly

4

joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005) (citing 28 U.S.C. § 1441(b)). Such a remand is the necessary corollary of a federal court's diversity jurisdiction, which requires complete diversity of citizenship. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

When a plaintiff names a non-diverse defendant solely in order to defeat federal question jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *See id.* The defendant bears the burden of proof on fraudulent joinder and must make such a showing by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962). If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand

the case to the state court. *See Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553,1561 (11th Cir.1989).

## III.   Discussion

In this case, Defendants do not allege that Plaintiff has fraudulently pled facts; instead, they claim that there is no possibility that Plaintiff could maintain a cause of action against the Estate of Bryan Wayne Heath, the non-diverse defendant, in state court. (*See* Doc. #32 at 1). The four causes of action purportedly asserted against the Estate are: breach of contract; civil contempt;[2] civil conspiracy; and outrageous

---

[2] Plaintiff concedes that her claim for civil contempt is only properly brought under the purview of the Domestic Relations court. (*See* Doc. #30-1 at 10) ("Only one of the four claims [civil contempt] would fall under the purview of the Domestic Relations Division of the Circuit Court of Jefferson County."). Her argument for why the other claims against the Estate survive in federal court are somewhat obscure. She states that: "Just because the Plaintiff is the ex-wife of the decedent Bryan Wayne Heath does not negate her right to bring an action against the Estate of Bryan Wayne Heath or require that all matters involving her and the Estate of Bryan Wayne Heath should be heard in the Domestic Relation Division. Even if the Domestic Relation Division of the Circuit Court of Jefferson County is the proper court for this matter that is a decision for the Circuit Court of Jefferson County." (Doc. #30-1 at 10; *see also* Doc. #33 at 4). But the Plaintiff's suit rests on violation of the Pendente Lite order in connection with the final Divorce Decree. It is impossible, and would be wholly improper, to separate the two. *See Duerr v. Duerr*, 104 So.3d 229, 233 (Ala. Civ. App. 2012) (holding final divorce judgment barred former wife from asserting claim against former husband for alleged failure to comply with pendente lite order); *see also Reid v. Reid*, 897 So.2d 349, 355 (Ala. Civ. App. 2004) (noting that a Pendente Lite order "clearly envisions a temporary disposition . . . pending a later final determination of the . . . dispute."). Once the Divorce Decree is in place and the Domestic

6

conduct.  (Compl., ¶¶ 15-18, 19-24, 45-48, 49-50).  The problems for plaintiff in

asserting these claims are multifold.[3]  But the most basic issue requiring denial of the

motion to remand is that the non-diverse Estate can not be sued in state court for

compliance with the Pendente Lite order for payment of the life insurance policy.

In Alabama, life insurance proceeds made payable to the parties *other than* the

deceased person, the estate of the deceased person, or the personal representative of

_____

Relations Court enters a final judgment divorcing two parties, "jurisdiction of all matters arising
from the divorce judgment, including provisions of the marital settlement agreement, remains
with the domestic relations division."  *Turenne v. Turenne*, 884 So.2d 844, 849 (Ala. 2003); *see
also Hill v. Hill*, 89 So.3d 116, 119 (Ala. Civ. App. 2010) ("[T]o the extent that the plaintiffs
might properly have asserted any claims that stemmed from alleged noncompliance . . . with the
settlement agreement, those claims would arise under judgment and not the settlement agreement
and would, under *Turenne*, be within the exclusive jurisdiction of the family-relations division of
the circuit court.").

[3] The individual causes of action also would not stand in state court. For the breach of
contract claim, the reasoning set forth in footnote 2, *supra*, prevails.  For the civil conspiracy
claim, because the underlying claim of breach of contract fails against the Estate, the claim for
civil conspiracy must also necessarily fail.  *See Allied Supply Co., Inc. v. Brown*, 585 So.2d 33,
36 (Ala. 1991); *see also Avis Rent A Car Sys., Inc. v. Heilman*, 876 So.2d 1111, 1124 (Ala. 2003)
("[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the
underlying wrong provides no cause of action, then neither does the conspiracy.").  And finally,
for the outrageous conduct claim, "the conduct of the Defendants . . . [must be] so outrageous
that it shocks the conscience and that such conduct should not be tolerated in a civilized society."
(Compl., ¶ 50).  But the tort of outrage is well recognized as an extremely limited cause of
action.  *See Potts v. Hayes*, 771 So.2d 462, 465 (Ala. 2000).  In fact, Alabama recognizes the tort
only for four specific circumstances: (1) wrongful conduct in the family-burial context; (2)
barbaric methods employed to coerce an insurance settlement; (3) egregious sexual harassment
by a supervisor in the workplace; and (4) a family physician, when asked to counsel a teenage
patient concerning the stress of his parents' divorce, provided the patient with addictive
prescription drugs in exchange for homosexual sex for a number of years, leading to the patient's
drug addiction.  *See Ex parte Bole*, 103 So.3d 40, 52-53 (Ala. 2012) (citations omitted).  Here,
although the Estate is a named Defendant, the Complaint fails to assert any facts showing the
Estate engaged in any tortious conduct.

the estate *do not* become part of the estate.  *See Rau v. Rau*, 429 So.2d 593, 595 (Ala. Civ. App. 1982) ("[B]y virtue of § 27-14-29, [Ala.] Code 1975, the proceeds of the policy of insurance in this case would not be a part of the estate or subject to creditor's claims."); *see also* 31 Am. Jur.2d, Executors and Administrators 257, § 509 (1989) ("The proceeds of a life insurance policy made payable to a named beneficiary are not assets of the estate, but belong solely to the beneficiary."); *Equitable Life Assurance Society of the United States v. Sandra Porter*, 867 F.2d 79 (1st Cir. 1989) (satisfying the beneficiary is the contractual responsibility of the insurer not the fiduciary responsibility of the executor).  Elizabeth McElroy, as the administrator of the former husband's estate, has no interest in the life insurance policy or the proceeds therefrom.  *See First Nat'l Bank of Mobile v. Pope*, 270 Ala. 202, 205 (1960) (holding the estate of the insured was not indispensable party in dispute over insurance proceeds between beneficiary and purported constructive trustees because "[t]he personal representative has no [ownership] interest in the policies as to require that he be made a party."); *see also Arnold v. Garrison*, 49 So.2d 787, 788 (Ala. 1950) ("The authority of the special administrator is defined by statute . . . he has no authority to pay debts or receive the presentation of claims or to be rendered liable to suits on contracts of the decedent.").  Thus, neither the domestic relations court, nor the state court, can hail McElroy into court for remedy related to the payment of

the proceeds of the life insurance policy. *See Stroeker v. Harold*, 111 So.3d 138, 144 (Ala. Civ. App. 2012).

**IV.    Conclusion**

The non-diverse Defendant, the Administrator of the Estate, was improperly joined in this action for the purpose of defeating federal jurisdiction and is due to be dismissed from this action.  A separate order will be entered denying the motion to remand and dismissing the non-diverse Defendant, the Estate of Bryan Wayne Heath, from this action with prejudice.

**DONE** this the  24th  day of September, 2014.

SENIOR UNITED STATES DISTRICT JUDGE

9