# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTY JAMES HEATH,** ) | |
| **PLAINTIFF,** ) | |
| **VS.** ) | **2:14-cv-610-JHH** |
| **ESTATE OF BRYAN WAYNE,** ) | |
| **HEATH, et al.** | |
| ) | |
| **DEFENDANTS.** ) | |

## MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Dismiss (Doc. #59) filed on February 22, 2016. The Motion (Doc. #59) provides no rationale for the dismissal sought without prejudice. On February 23, 2016, noting that the Motion (Doc. #59) appeared to be procedurally defaulted, the court ordered Defendants to file a responsive brief. (Doc. #60). Defendants Estate of Bryan Wayne Heath and Heath Financial filed a response informing the court that they had no opposition to the motion to dismiss. (Doc. #61). Defendant Principal Life Insurance Company ("Principal") filed a response on March 18, 2016 arguing that any dismissal of the complaint should be predicated on certain conditions.

The court agrees. A voluntary dismissal without prejudice is not a matter of

right. *Fisher v. Puerto Rico Marine Mgt., Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991) (citation omitted). Federal Rule of Civil Procedure 41(a)(2) provides that a voluntary dismissal is "only by court order, on terms that the court considers proper." The interests of the defendant are important; in fact, "Rule 41(a)(2) exists chiefly for protection of defendants." *Fisher*, 940 F.2d at 1503. Here, defendant Principal would be prejudiced by a complete voluntary dismissal without prejudice. The case has been pending for nearly two years. Discovery has been propounded and substantial attorneys' fees have been incurred. *See Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325 (11th Cir. 2004). For these reasons, the Motion to Dismiss (Doc. #59) is due to be granted with certain conditions. A separate order of dismissal will be entered.

**DONE** this the  23rd   day of March, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE